**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **STEVEN SHOCKEY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-14-CA-766-LY** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 12); and Petitioner's response (Document 13). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause

number 11-1038-K26.  Petitioner was indicted for committing the second degree felony offense of aggravated assault with a deadly weapon, enhanced by three prior convictions.  As a result of a plea bargain agreement, the state agreed to waive the prior convictions (which would have resulted in Petitioner's conviction as a habitual offender), and waive a pending charge of bail jumping, which was brought against Petitioner when he failed to show up for court.  Petitioner judicially confessed to the charge of aggravated assault with a deadly weapon, admitted that he used a deadly weapon, namely a firearm in the commission of the offense, and agreed to a plea bargain of fifteen years imprisonment.  On May 16, 2013, the trial court sentenced Petitioner to fifteen years imprisonment, in accordance with the plea agreement, which included 568 days credit for time served.

Petitioner waived his right to appeal.  He did, however, challenge his conviction in a state application for habeas corpus relief.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on April 30, 2014.  Ex parte Shockey, Appl. No. 81,215-01.

**B.    Petitioner's Grounds for Relief**

Petitioner claims he received ineffective assistance of counsel when his attorney:

1.    failed to challenge the unconstitutional search of his home;

2.    erroneously advised him to accept a plea bargain;

3.    failed to challenge the affirmative finding of a weapon;

4.    failed to attempt to use exculpatory evidence;

5.    failed to file proper motions;

6.    failed to investigate his case;

7.    failed to interview witnesses and prepare a defense;

8.      failed to seek a jury charge on the lesser-included offense of assault; and

9.      failed to request an examining trial.

## C.      Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

## A.      The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.   See Harrington v. Richter, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."

Harrington, 562 U.S. at 98.

One of the issues <u>Harrington</u> resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." <u>Id.</u>  Following all of the Courts of Appeals' decisions on this question, <u>Harrington</u> concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." <u>Id.</u> (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." <u>Id.</u> (citing <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." <u>Id.</u>  Even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." <u>Id.</u>

As <u>Harrington</u> noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court.  <u>Id.</u> at 100 (citing 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on

4

> a question of law or if the state court decides a case differently than . . . [the Supreme
> Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of

§ 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing

legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to

the facts of the prisoner's case."  Id. at 741 (quotation and citation omitted).  The provisions of

§ 2254(d)(2), which allow the granting of federal habeas relief when the state court made an

"unreasonable determination of the facts," are limited by the terms of the next section of the statute,

§ 2254(e).  That section states that a federal court must presume state court fact determinations to

be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28

U.S.C. § 2254(e)(1).  But absent such  a showing, the federal court must give deference to the state

court's fact findings.  Id.

**B.      Guilty Plea**

To be valid, a guilty plea must be voluntary, knowing and intelligent.  United States v.

Washington, 480 F.3d 309, 315 (5th Cir. 2007).  The test for determining a guilty plea's validity is

"whether the plea represents a voluntary and intelligent choice among the alternative courses of

action open to the defendant."  North Carolina v. Alford, 400 U.S. 25, 31 (1970).  A court assessing

the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such

factors as whether there is evidence of factual guilt."  Matthew v. Johnson, 201 F.3d 353, 364-65

(5th Cir. 2000).  The defendant must also have notice of the charges against him, understand the

constitutional protections that he has waived, and have advice from competent counsel.  Washington,

480 F.3d at 315 (citation omitted).  Furthermore, the defendant must be competent, and the plea must

"not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." Matthew, 201 F.3d at 365 (quoting Brady v. United States, 397 U.S. 742, 750 (1962)).  The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur."  United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."  United States v. Broce, 488 U.S. 563, 569 (1989).  A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him."  Id. at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea.  United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann v. Richardson, 397 U.S. 759, 770-71, (1970).

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Cothran, 302 F.3d 279, 285-86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

6

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'"  Cuyler v. Sullivan, 446 U.S. 335, 344 (1980) (quoting McMann v. Richardson, 397 U.S. 759, 770-71 (1970)).  "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution."  Argersinger v. Hamlin, 407 U.S. 25, 34 (1972).  Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment.  See Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992).  To establish a claim that trial counsel's defective assistance rendered a plea involuntary, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner has not shown his attorney erroneously advised him to plead guilty.  On state habeas review, trial counsel provided the state court with his affidavit, outlining his representation of Petitioner.  Trial counsel explained how he advised Petitioner during plea negotiations that the ultimate decision to plead guilty was Petitioner's.  Specifically, counsel stated:

> As in any case I represent, I gave Mr. Shockey advice in regards to taking the plea bargain or not.  I told him that I felt that he should consider the 15 year offer (including a dismissal of the bail jumping case) in light of the relative strength of the cases and fact that both cases were indicted as 25 to life. Mr. Shockey's letter totally ignored the fact that he faced the charge of bail jumping and that both charges carried 25 year minimums.  These facts certainly weighed on the decision to be made. Ultimately, Mr. Shockey made the choice himself to plea.  He told the Judge . . . that he pled voluntarily, not because he was afraid, threatened nor forced to do it.  He told the Judge he was guilty and waived his right to a jury, right to remain silent and right to confront the witnesses. Mr. Shockey went on to say in his sentencing . . . that he and I discussed the pros and cons to having trials in both matters.  He stated that it

7

> was his decision to plea to the 15 years and waive his right to a trial. He also stated
> that he knew that by pleaing [sic] to that charge, he would not be eligible for parole
> for 7 1/2 years.

Ex parte Shockey, Appl. No. 81,215-01 at 108. The state court found counsel's affidavit credible.

Id. at 97. The court found that counsel, during the almost two years he represented Petitioner,

thoroughly investigated possible defenses and fully informed Petitioner of his options regarding

accepting a plea agreement or going to trial. Id. The court did not find counsel ineffective and

concluded Petitioner's claims were without merit. Id. 97-98.

There also is no evidence in this case that Petitioner did not have a clear understanding of

the proceedings against him, the nature of the offense for which he was charged, or the consequences

of entering his plea. Petitioner was admonished with regard to the range of punishment, signed the

waiver of rights and agreements in connection with plea of guilty, stipulated to the evidence in the

case, and signed the agreed punishment recommendation. Ex parte Shockey, Appl. No. 81,215-01

at 129-30. There is simply no evidence that Petitioner's plea was not voluntary, knowing and

intelligent. As such, Petitioner's guilty plea waives his remaining claims of ineffective assistance

of counsel. See Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (guilty plea waived ineffective

assistance of counsel claims except insofar as the alleged ineffectiveness relates to the voluntariness

of the giving of the guilty plea).

Having independently reviewed the entire state court record, this Court finds nothing

unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28

U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he

received ineffective assistance of trial counsel.

## RECOMMENDATION

It is therefore recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct.

1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of July, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE